United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DONALD L. CLAWSON, II, and DEBRA A. CLAWSON,

        Debtors.
_____/

DONALD L. CLAWSON, II, and DEBRA A. CLAWSON,

        Plaintiffs/Appellees,

    v.

INDYMAC FEDERAL BANK FSB; QUALITY LOAN SERVICE CORP.,

        Defendants/Appellants.
_____/

No. C 09-4993 PJH/09-6031 PJH
    Bankr. Case No. 08-45900
    Adv. Case No. 09-4045

**ORDER DISCHARGING ORDER TO SHOW CAUSE; GRANTING APPELLEE'S MOTION TO EXPAND RECORD; ORDER RE: BRIEFING**

        On March 19, 2010, the court issued an order to show cause regarding the records in the above related bankruptcy appeals filed on October 20, 2009, and December 28, 2009. In the order to show cause, the court noted that the records in both cases should have been designated and perfected, and should have been submitted to the court, but had not. Because the court had not received any explanation regarding the status of the records, it was not clear to the court whether the parties had complied with Federal Rule of Bankruptcy Procedure ("FRBP") 8006 in perfecting the records before the bankruptcy court.

Based on appellant's March 25, 2010 declaration and the bankruptcy court's transmittal of the records to this court on March 30, 2010, it appears that the delay resulted from the bankruptcy court's failure to retain and/or promptly submit the records and not from a failure of the appellants to properly designate the record. Accordingly, the order to show cause is DISCHARGED.

In response to the order to show cause, appellees submitted a "motion to correct omission in the record." That motion, however, is more properly considered a motion to expand the record based on the appellees' failure to file a timely designation of record before the bankruptcy court. Appellees seek to have the record supplemented with exhibits from a September 16, 2009 evidentiary hearing before the bankruptcy court, and attempt to frame their motion as a novel issue for this court. The issue, however, is not novel, and is in fact covered by FRBP 8006. That rule required appellees to submit their request to "supplement" the record months ago in the proceedings before the bankruptcy court.

Appellants properly designated the record on appeal in 09-4993 PJH, the appeal to which the exhibits are relevant, in a designation filed with the bankruptcy court on October 29, 2009. FRBP 8006 provides that "[w]ithin 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal." As reflected by the bankruptcy court's docket, which, in addition to FRBP 8006, provided appellees with notice of the designation deadline, appellee's designation was due November 9, 2009. Appellees however failed to designate any additional items on appeal. Accordingly, the court must now determine whether or not expansion of the record is warranted given this failure to comply with the governing rule.

Appellees seem to recognize that they have failed to comply with governing deadlines, and explain that their prior counsel was not an appellate specialist. This is no excuse though for the five-month delay. However, because the court concludes that the exhibits that appellees failed to designate as part of the record are essential for the court's

resolution of the appeals, the court will GRANT appellees' request to supplement the record with the exhibits. *See, e.g., In re Beck-Rumbaugh Assocs., Inc.*, 80 B.R. 306, 307 (E.D. Pa. 1987). Appellees are ORDERED to submit **two** copies of the exhibits to this court **no later than April 21, 2010.** Appellees are advised that the two copies should be submitted to this court in a **usable** format, including but not limited to bound, tabbed, and with an index. One copy should be labeled "chambers copies."

Additionally, in accordance with the court's January 8, 2010 order for consolidated briefing, appellants are ORDERED to file and serve **one** consolidated opening brief not exceeding 25 pages in length no later than **May 19, 2010.** Appellees must file and serve **one** consolidated opposition brief not exceeding 25 pages in length no later than **June 14, 2010.** Appellants may file and serve **one** consolidated reply brief not exceeding 15 pages in length no later than **June 18, 2010.** The matter will be decided on the papers.

**IT IS SO ORDERED.**

Dated: April 15, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3